UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

KLAUS RADKE,					No. 09-10734

                        Debtor(s).
_____/

Memorandum on Application for Payment of Administrative Expense
_____

      Chapter 13 debtor Klaus Radke owns a condominium at 4220 Shelter Bay in Mill Valley. In his original plan he proposed to retain the unit. In the face of several objections to confirmation, he has proposed an amended plan which calls for the surrender the unit to creditors. The Shelter Bay Homeowners Association has moved the court for allowance of an administrative expense claim pursuant to § 503(b)(1)(A) of the Bankruptcy Code. The motion is opposed by the debtor.

      The court begins by noting that the mere fact that dues were incurred postpetition does not entitle a homeowners association to allowance of an administrative expense claim; the association must show that the charges were utilized to preserve the debtor's individual property as opposed to the community as a whole. *In re Butcher,* 108 B.R. 634, 637-38 (Bkrtcy.E.D.Tenn.1989); *In re Mishkin,* 85 B.R. 18, 21 (Bkrtcy.S.D.N.Y. 1988). An evidentiary hearing is necessary to decide what portion of the dues, if any, is allowed priority treatment.

      Secondly, the court notes that many homeowners associations provide that their dues are secured by the unit. If that is the case here, pursuing an administrative expense claim may waive any

1

lien pursuant to § 726 of the California Code of Civil Procedure. This issue needs to be resolved before the plan can be confirmed so that we know if the Association's claim is governed by § 1325(a)(5)(C) of the Code or by § 1322(a)(2).

Since the rights of the Association are inextricably bound up in the plan confirmation process, the motion will be continued to the same time as the confirmation hearing, now set for February 1, 2010, at 1:30 P.M. The court will decide all issues as part of the confirmation process.

Dated: January 8, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge